## TOY et al. v. UNITED STATES. *

### No. 6207.

Circuit Court of Appeals, Ninth Circuit.
Dec. 1, 1930.

Rehearing Denied Jan. 12, 1931.

Perry Evans and Carey Van Fleet, both of San Francisco, Cal., for appellants.

George J. Hatfield, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal.

Before RUDKIN and WILBUR, Circuit Judges, and KERRIGAN, District Judge.

* Certiorari denied 51 S. Ct. —, 75 L. Ed. —.

**2**

KERRIGAN, District Judge.

This case involves a tax upon the estate of George Daniel Toy, who died January 23, 1921. At the time the estate tax return was made, a tax was paid upon the theory that the widow inherited one-half of the community property, tax free. On August 16, 1922, an additional tax in the sum of $23,995.63 was assessed upon the theory that the widow's half of the community property was a part of the husband's estate and was therefore taxable. A part of this amount was paid, leaving a balance of $16,303.87. In March, 1925, the Commissioner of Internal Revenue advised the estate, which had protested the additional assessment, that the estate was entitled to abatement and refund, and stated that a formal claim should be filed. Such claim was made March 28, 1925. The claim for refund was rejected September 29, 1926, by the commissioner, and the claim in abatement was likewise rejected October 23, 1926. This suit by the United States to recover the tax was filed November 14, 1927. A counterclaim of $8,797.20 because of prior taxation within a five-year period (the widow of George Daniel Toy having died, and her estate having paid this sum) was claimed by defendants and, at the trial, was conceded by the United States. Judgment was given for $7,511.67 with interest and costs.

■ Appellants' chief contention upon this appeal is that the cause of action is barred, because suit was not filed by January 23, 1927, "five years from the time such tax was due," as provided by section 1320 of the Revenue Act of 1921 (42 Stat. 315), or "five years after such taxes became due," as provided by section 1109(a)(1) of the Revenue Act of 1926 (26 USCA § 105). The government relies upon section 311(b) of the Revenue Act of 1926 (26 USCA § 1111(b), providing:

"Sec. 311 * * * (b) Where the assessment of any tax imposed by this title or of any estate or gift tax imposed by prior Act of Congress has been made (whether before or after the enactment of this Act) within the statutory period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court (begun before or after the enactment of this act), but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the executor." 44 Stat. 77, 26 USCA § 1111(b).

Appellants point out that this section is limited in its application by section 311(c), as follows:

"Sec. 311 * * * (c) This section shall not bar a distraint or proceeding in court begun before the enactment of the Revenue Act of 1924; nor shall it authorize the assessment of a tax or the collection thereof by distraint or by proceeding in court (1) if at the time of the enactment of this Act such assessment, distraint, or proceeding was barred by the statutory period of limitation properly applicable thereto, unless prior to the enactment of this Act the Commissioner and the executor agreed in writing thereto, or (2) contrary to the provisions of subdivision (a) of section 308 of this Act." 44 Stat. 77, 26 USCA § 1111(c).

Section 308(a), 26 USCA § 1101, confers upon the taxpayer the right to appeal to the Board of Tax Appeals from a determination of deficiency by the commissioner, prior to the actual levy of assessment for the deficiency.

The contention is that the reference to section 308(a) in section 311(c) precludes the application of section 311(b) in any case where there has been no opportunity afforded the taxpayer to appeal to the Board of Tax Appeals. In the present case the assessment sued upon was made in 1922, prior to the creation of the Board of Tax Appeals, and we are urged to hold that, the taxpayers not having had their appeal to that board, the statute of limitations existing at the time of the assessment, namely, section 1320 of the Revenue Act of 1921, is the applicable statute.

We think it clear, however, that the final clause of section 311(c) relates solely to the manner and mode of making a new assessment and applies only where a new assessment is made after the Revenue Act of 1926 became effective. The prohibition in section 308(a) against an action for the collection of a tax until after a deficiency notice has been mailed, etc., is incidental to the making of a new assessment, and intended to stay proceedings so as to give a right of appeal from the commissioner's decision, but obviously has no application to a case where the tax is already determined. Consequently, the commencement of an action upon a tax already assessed and within six years of the assessment, as expressly authorized by section 311 (b), is not "contrary to the provisions of section 308(a)" within the meaning of section 311(c). The case thus falling within the specific provisions of section 311(b), it is

clear that section 1320 of the Revenue Act of 1921 (42 Stat. 315) does not apply.

■ There remains for consideration the possible applicability of section 1109 of the Revenue Act of 1926 (44 Stat. 114). Section 318(d) of the same act provides:

"Sec. 318 * * * (d) If any deficiency in any estate tax imposed by the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, or by any such Act as amended, was assessed before June 3, 1924, but was not paid in full before the date of the enactment of this Act, and if the Commissioner, after the enactment of this Act, finally determines the amount of the deficiency, he is authorized to send by registered mail to the person liable for such tax notice of such deficiency, which notice shall, for the purposes of this Act, be considered a notice under subdivision (a) of section 308 of this Act. In the case of any such final determination the amount of the tax (whether as deficiency or additional tax or as interest, penalty, or other addition to the tax) shall be computed as if this Act had not been enacted, but the amount so computed shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including the provisions in cases of delinquency in payment after notice and demand, and the provisions relating to claims and suits for refund) as in the case of a deficiency in the tax imposed by this title, except as otherwise provided in subdivision (g) of this section, and except that the period of limitation prescribed in section 1109 of this Act shall be applied in lieu of the period prescribed in subdivision (a) of section 310." 44 Stats. 82, 26 USCA § 1118(d).

Section 318(d) forms an exception in the general scheme of appeal to the Board of Tax Appeals prior to any assessment. It affects cases where deficiency assessments had in fact been made but not finally determined, and contemplated a new assessment upon such determination followed by collection of the tax, both within the period fixed by section 1109 of the Revenue Act of 1926. Subdivision (a)(1) of section 1109 (26 USCA § 105) provides that assessments shall be made within four years, and that suits for the collection of taxes "without assessment" shall not be begun after five years after the tax is due. Subdivision (3) of the same section (26 USCA § 107) permits suits upon valid assessments to be begun within six years after assessment.

When the Revenue Act of 1926 went into effect, the assessment here sued upon was in existence; the deficiency had not been paid in full; there were pending before the commissioner claims for refund and in abatement. The commissioner did not act upon these claims until after four years from the date when the tax became due. At that time he was without power to levy a valid reassessment, and he made no attempt to do so. The mere pendency before him of the claims did not destroy the assessment of 1922, and it is upon this earlier assessment, and not upon an attempted reassessment, that this suit is brought. It is doubtful whether under these circumstances section 318(d) is applicable at all, but if it is to be applied, reference to section 1109 of the Revenue Act of 1926 makes it apparent that the proper subdivision is to be selected according to the type of proceeding. Section 318(d) refers to the whole section. In the present case, where the suit is upon an assessment, the appropriate subdivision is subdivision (3), a six-year statute, and not the five-year statute of subdivision (a)(1), applicable to actions without assessment.

The net result of this discussion is that whether section 311(b) or section 1109 of the Revenue Act of 1926 is to be applied to this case the period of limitations is the same, six years. This suit was brought within that time from the assessment.

■ The further point made by appellants, that favorable indorsement on the claim for abatement by the Committee on Claims in 1925 operated as an allowance thereof, is not tenable. It is true that the claim was filed in response to a letter from the commissioner intimating that a claim, if filed, would be allowed. No certificate of overassessment was ever made, however, nor was there an abatement of the assessment entered upon the collector's books. After the claim was filed, the only action taken upon it prior to its final rejection was its submission to the Committee on Claims, which indorsed its approval thereon. This recommendation was not binding upon the commissioner and was not acted upon by him. It did not determine the claim in appellants' favor.

The judgment is affirmed.